UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-151-GWU

ANGELA A. MORRIS, PLAINTIFF,

VS.   **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

> 4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).
>
> 5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).
>
> 6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).
>
> 7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

07-151 Angela A. Morris

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Angela A. Morris, was found by an Administrative Law Judge (ALJ) to have "severe" impairments consisting of borderline intellectual functioning, a major depressive disorder, and a generalized anxiety disorder. (Tr. 17, 23). Nevertheless, based in part on the testimony of a Vocational Expert (VE), the ALJ determined that the plaintiff retained the residual functional capacity to perform a significant number of jobs existing in the economy, and therefore was not entitled to benefits. (Tr. 17-24). The Appeals Council declined to review, and this action followed.

At the administrative hearing, the ALJ asked the VE whether a person of the plaintiff's age of 39 to 41, limited education but only third grade reading skills, and no past relevant work could perform any jobs if she had no physical limitations, but did have a "moderately limited" ability to understand, remember, and carry out detailed instructions, maintain attention and concentration for extended periods, interact appropriately with the general public, and respond appropriately to changes in the work setting. (Tr. 378). The ALJ also specified that the individual retained the ability to understand, remember, and carry out simple instructions for two-hour periods, relate adequately in a non-public setting, and tolerate the changes and pressures of a group/team situation. (Id.). The VE responded that there were jobs

that such a person could perform, and proceeded to supply examples at the heavy, medium, light, and sedentary levels and the numbers in which they existed in the regional and national economies. (Tr. 378-9).

On appeal, this court must determine whether the administrative decision is supported by substantial evidence.

Although the hypothetical mental factors are consistent with state agency reviewing psychologists (Tr. 184-6, 294-7), the state agency sources did not have the opportunity to review records from the Mountain Comprehensive Care Center (CCC) which were submitted on June 9, 2004 (Tr. 232), almost three months after the most recent state agency reviewer completed her assessment (Tr. 297). The staff psychiatrist, Dr. William H. Matthew, noted that the plaintiff had been referred by her family physician, Dr. Trivette, who had been treating her for diabetes, blood pressure, anxiety, and depression and who had recently increased her longstanding prescription for Zoloft. (Tr. 233).[1] Dr. Matthew found her mood to be depressed and anxious, which was consistent with an earlier evaluation by a CCC counselor, who noted that she was tearful and made little eye contact. (Tr. 232, 235). Dr. Matthew diagnosed a major depressive disorder and a generalized anxiety disorder (Tr. 235), consistent with the ALJ's ultimate conclusion. However, Dr. Matthew also

---

[1]Dr. Trivette's notes are largely illegible, although they do confirm diagnoses of diabetes mellitus, migraine headache, reflux disease, and anxiety/depression. (E.g., Tr. 206).

assigned a Global Assessment of Functioning (GAF) score of 48. (Id.). A GAF score of 48 equates to serious symptoms or serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. This low level of functioning would clearly be inconsistent with the conclusions of the state agency reviewers, and was not mentioned in the ALJ's decision, suggesting that it may have been overlooked. The ALJ did cite a later note by Dr. Matthew in September, 2004 that the plaintiff's condition was stable (Tr. 21, 360), but it does not appear the psychiatrist suggested any improvement over the low level of functioning given in April, 2004. Therefore, although the court does not find that the GAF score of 48, by itself, mandates an award of benefits, the fact that it represents serious limitations and comes from the only examining mental health source who apparently expresses an opinion regarding the plaintiff's functioning based on her admittedly "severe" anxiety and depression does require a remand for further consideration.[2]

Regarding the plaintiff's physical complaints, which the ALJ found to be non-severe, the plaintiff points to statements from her current family physician, Dr. Jagan

---

[2] Previously, the plaintiff had been consultatively examined by Mr. Phil Pack, a licensed psychological practitioner, who had performed intelligence and achievement testing and diagnosed borderline intellectual functioning as well as "rule out" anxiety disorder and "rule out" personality disorder. (Tr. 179). He provided functional restrictions indicating that the plaintiff had no less than a "limited but satisfactory" ability in any of the four areas listed, but specified that they were based only on the plaintiff's cognitive abilities and that additional review in regard to impairment from other psychiatric conditions might be indicated. (Id.).

07-151 Angela A. Morris

Annabathula, indicating that she was "disabled." (Tr. 321, 323). One of these statements of disability was in a form for a state agency which indicates that she was temporarily disabled. (Tr. 323). No reason is given, and the form is dated February 4, 2004, whereas Dr. Annabathula's first treatment of the plaintiff apparently did not take place until five days later. (Tr. 322). More significantly, after a second office visit on February 26, 2004, the physician noted that the plaintiff's blood sugar was well above normal, and gave her six units of insulin in the office, increased her oral medication for diabetes, and also prescribed medicine for migraine headaches. (Tr. 320). He wrote a letter the same day indicating that the plaintiff had poorly controlled diabetes mellitus, high blood pressure, chronic headaches, upper abdominal discomfort, and peptic ulcer disease. (Tr. 321). The reason for the poor control of diabetes was an inability to afford all of her medications, and she was also unable to afford needed tests and a referral to a specialist. (Id.). Dr. Annabathula opined that she was "disabled to keep any gainful employment because of her multiple medical problems." (Id.).

    The ALJ rejected the opinions from Dr. Annabathula because of their conclusory nature, and because there was no documentation of any actual physical limitations or end organ damage from diabetes or high blood pressure. (Tr. 16).[3]

---

[3] The ALJ also indicated that an inability to afford medication is not an acceptable reason for failure to follow prescribed treatment under the Commissioner's regulations at 20 C.F.R. § 404.1530(c). (Tr. 16). The court notes in passing that while the applicable regulations at 20 C.F.R. § 416.930(c) (the correct section for an SSI claim) do not

07-151  Angela A. Morris

The plaintiff asserts the ALJ had a duty to recontact Dr. Annabathula under 20 C.F.R. § 416.912(e). As the court has recently held, this section of the regulations, read as a whole, does not suggest that it is the defendant's duty to recontact a treating source whenever it finds that the source's opinion is inadequate to establish disability, and it remains the plaintiff's responsibility to prove her own case.[4] The plaintiff is free to seek additional information from Dr. Annabathula on remand.

The decision will be remanded for further consideration.

This the 23rd day of April, 2008.

**Signed By:**

<u>**G. Wix Unthank**</u>

**United States Senior Judge**

---

mention inability to pay, there is Sixth Circuit precedent indicating that a condition that is disabling in fact becomes disabling in law if the plaintiff cannot afford medical treatment and has no way to obtain it. <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990). The court expresses no opinion at this stage whether the plaintiff has met all of the conditions set out in <u>McKnight</u>, which might include the issue of whether her diabetes is disabling without treatment or whether she has been unable to obtain insulin under a free program.

[4] The discussion of the issue in <u>Janet Tackett v. Commissioner of Social Security</u>, London Civil Action No. 07-128-GWU (E.D. Ky. March 26, 2008), pp. 10-12, is hereby incorporated by reference.